**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

ROBERT DRISCOLL,

               Plaintiff,

     v.

TROPICANA ATLANTIC CITY CORP.
d/b/a Tropicana Hotel and
Casino located at 2831
Boardwalk in Atlantic City,
New Jersey 08410 & (2)
Caesars Entertainment, Inc.,

               Defendants.

No. 1:22-cv-05157-NLH-SAK

**OPINION**

---

**APPEARANCES**:

ROBERT DRISCOLL
2715 BOARDWALK, 1511
ATLANTIC CITY, NJ 08401

    *Plaintiff appearing pro se.*

**HILLMAN**, District Judge

    This case arises from Plaintiff Robert Driscoll's allegations that his roommate has suffered violations of the Americans with Disabilities Act ("ADA") and various civil rights laws by Defendants Tropicana Atlantic City Corp. ("Tropicana") and Caesars Entertainment, Inc.  The matter is presently before the Court because Plaintiff, appearing *pro se*, has applied to

proceed *in forma pauperis* ("IFP") and the Court must screen this
complaint before allowing the case to proceed.  The Court will
grant Plaintiff's IFP application but will dismiss Plaintiff's
claims without prejudice with leave to amend.

<u>**BACKGROUND**</u>

Plaintiff lives with a roommate, Jessica Berk ("Berk"), in
a retirement community located next to the Tropicana, which is a
place where Plaintiff regularly shops, eats, and utilizes their
facilities for "hygiene" and entertainment purposes such as
gambling and IMAX.  (ECF No. 1 at 2).  Plaintiff asserts that he
and Berk are disabled.  (<u>Id</u>. at 1-2).  Plaintiff then alleges
several incidents where the staff of the Tropicana violated
Berk's right to access public accommodations because of her
disability.  Plaintiff asserts that he has explained to the
staff of the Tropicana Berk's disabilities, and despite his
efforts she has endured discriminatory behavior from Defendants.
(<u>Id</u>. at 3).  Plaintiff asserts that on "several occasions" the
security personnel of the Tropicana have "harassed" Berk "due to
her appearance due to her disability" and further complains of
her being issued tickets.  (<u>Id</u>. at 4).  Plaintiff says that he
was "scorned" for attempting to interfere with the staff when
witnessing these events.  (<u>Id</u>. at 5).

Plaintiff describes an incident where he witnessed Berk
being "harassed" because she brought her service dog into the

2

Tropicana.  (Id. at 4).  Plaintiff also alleges specifically

that on or about March 26, 2022, Plaintiff accompanied Berk

while shopping in the Tropicana when she was accused of

panhandling "based on her appearance, which is related to her

disability."  (Id. at 5).  Plaintiff asserts that she was not

panhandling.  (Id.).  Plaintiff further describes that he

witnessed Berk being harassed, insulted for her disabilities,

and "paraded in front of crowds of people" which "wasn't very

pleasant to him" and "embarrassed him."  (Id. at 6).  She was

then "subject to brutal force" by security and placed in

handcuffs.  (Id.).  Plaintiff alleges that he witnessed Berk in

"excruciating pain and hyperventilating."  (Id.).  The Atlantic

City Police arrived and told the security personnel that they

had to loosen and then uncuff Berk because she was in pain.

(Id.).  Plaintiff asserts that she was further detained in an

interior holding area.  (Id. at 7).  Thereafter Plaintiff

alleges that Defendants charged Berk with "defiant trespass."

(Id.).

    Plaintiff asserts that Berk did not violate any laws and

that the "gang-like attack" was "offensive" to Plaintiff because

he is a disabled activist and that the staff was negligent,

careless, and reckless in the way they treated him when trying

to help Berk.  (Id. at 7, 9).  Plaintiff alleges that this

incident was the result of Defendants' "history of harassment,"

3

their failure to train and manage their staff as to disability law and proper protocols to reduce excessive force while evicting patrons, and a "philosophy of management staff convenience over the hospitality needs, safety, and well-being of guests." (Id. at 7-9).  Plaintiff asserts that Berk suffered a variety of injuries and damages due to Defendants' conduct. (Id. at 11).

Separately, Plaintiff claims that he finds it difficult to enter the Tropicana because it does not have handicapped access from the boardwalk and suffers "embarrassment" from this "architectural fault."  (Id. at 9).

## DISCUSSION

### I.   Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiff has asserted his claims under the ADA.

### II.  Plaintiff's IFP Application

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.

A pro se plaintiff wishing to proceed *in forma pauperis*

must fill out form "AO 239 (Rev. 01/15) Application to Proceed

in District Court Without Prepaying Fees or Costs."  The form

requires the plaintiff to "[c]omplete all questions in this

application," and "[d]o not leave any blanks."  In addition, "if

the answer to a question is '0,' 'none,' or 'not applicable

(N/A),' write that response."  The form contains twelve

questions, and many questions contain numerous subparts, which

are utilized by the Court to determine a plaintiff's indigency.

Finally, as part of the application, the plaintiff must swear

under penalty of perjury that the information contained in the

application is true.

Plaintiff's IFP application states, under penalty of

perjury, that his monthly expenses are greater than his total

monthly income, (ECF No. 1 at 13-17).  While Plaintiff does have

some liquid assets available to pay the filing fee at this time

in his checking account, his net negative monthly cash flow

suggests those funds may be required for necessities such rent

and food each month.  Id.  Therefore, the Court finds that

Plaintiff is essentially indigent and may proceed in forma

pauperis.

III. **Standard for Screening Complaints Filed IFP**

Although § 1915 refers to "prisoners," federal courts apply

§ 1915 to non-prisoner IFP applications.  See Hickson v. Mauro,

No. 11-6304, 2011 WL 6001088 at *1 (D.N.J. Nov. 30, 2011)

(citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th

Cir. 2005)) ("Section 1915(a) applies to all persons applying

for IFP status, and not just to prisoners.").  Once IFP status

has been granted, a court must follow the screening provisions

of the IFP statute.  The screening provisions of the IFP statute

require a federal court to dismiss an action *sua sponte* if,

among other things, the action is frivolous or malicious, or if

it fails to comply with proper pleading standards.  See 28

U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448,

452 (3d Cir. 2013); Martin v. U.S. Dep't of Homeland Sec., No.

17-3129, 2017 WL 3783702 at *1 (D.N.J. Aug. 30, 2017) ("Federal

law requires this Court to screen Plaintiff's Complaint for *sua*

*sponte* dismissal prior to service, and to dismiss any claim if

that claim fails to state a claim upon which relief may be

granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any

defendant who is immune from suit.").

As indicated, this Court must follow the Rule 12(b)(6)

standard in considering a pro se complaint.  *Pro se* complaints

must be construed liberally, and all reasonable latitude must be

afforded the pro se litigant.  Estelle v. Gamble, 429 U.S. 97,

107 (1976).  But pro se litigants "must still plead the

essential elements of [their] claim and [are] not excused from

conforming to the standard rules of civil procedure."  McNeil v.

United States, 508 U.S. 106, 113 (1993) ("[W]e have never

6

suggested that procedural rules in ordinary civil litigation

should be interpreted so as to excuse mistakes by those who

proceed without counsel."); Sykes v. Blockbuster Video, 205 F.

App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs

are expected to comply with the Federal Rules of Civil

Procedure).

When screening a complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6), a court must accept all well-pleaded

allegations in the complaint as true and view them in the light

most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d

347, 351 (3d Cir. 2005).  It is well settled that a pleading is

sufficient if it contains "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).

"While a complaint [scrutinized under] Rule 12(b)(6) motion

to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a

cause of action will not do ...."  Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007) (alteration in original) (citations

omitted) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957);

Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247,

251 (7th Cir. 1994); Papasan v. Allain, 478 U.S. 265, 286
(1986)).

A district court asks "not whether a plaintiff will
ultimately prevail but whether the claimant is entitled to offer
evidence to support the claim."  Twombly, 550 U.S. at 563 n.8,
(quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also
Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the
pleading standard for 'all civil actions' ...."); Fowler v. UPMC
Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal ... provides
the final nail in the coffin for the 'no set of facts' standard
that applied to federal complaints before Twombly.").  A
complaint should be dismissed "if the plaintiff is unable to
plead 'enough facts to state a claim to relief that is plausible
on its face.'"  Malleus, 641 F.3d at 563 (quoting Twombly, 550
U.S. at 570).

## IV.  Analysis

A threshold issue is whether, on the face of the Complaint,
the Plaintiff has standing because without standing a court does
not have a case to hear.  "No principle is more fundamental to
the judiciary's proper role in our system of government than the
constitutional limitation of federal-court jurisdiction to
actual cases or controversies."  Simon v. E. Ky. Welfare Rights
Org., 426 U.S. 26, 37(1976).  Courts enforce the case-or-
controversy requirement through the several doctrines with the

issue of standing being "[p]erhaps the most important of these doctrines." Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009).  Standing "is every bit as important in its circumscription of the judicial power of the United States as in its granting of that power." Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 476 (1982).

There are three elements that Plaintiffs must meet to satisfy Article III standing.  First, there must be an "injury in fact," or an "invasion of a legally protected interest" that is "concrete and particularized." In re Horizon Healthcare Servs. Data Breach Litig., 846 F.3d 625, 633 (3d Cir. 2017) (alteration in original) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).  Second, there must be a "causal connection between the injury and the conduct complained of[.]" Id.  Third, there must be a likelihood "that the injury will be redressed by a favorable decision." Id.  But the most essential component of standing is that the party asserting claims must himself be among the injured. Lujan, 504 U.S. at 563 (quoting Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972)).

The Third Circuit echoes that for a harm to qualify as an actual or imminent injury, the harm must be distinct and personal to the plaintiff. Brown v. Showboat Atlantic City Propco, LLC, No. 08-5145, 2010 WL 5237855 at *8 (D.N.J. Dec. 16,

9

2010) (citing Toll Bros., Inc., 555 F.3d at 138).  The focus of the analysis should not be on whether a defendant violated a statute or a right (here, the ADA), but rather on whether the plaintiff themselves suffered an injury.  Id. (citing Doe v. Nat'l Bd. of Med. Exam'rs, 199 F.3d 146, 153 (3d. Cir. 1999)).

Here, Plaintiff makes a variety of allegations and claims not on his behalf, but on behalf of Berk.  The Third Circuit has held that in rare circumstances, third parties can achieve standing to bring claims on behalf of others, but that "third party standing is exceptional" and that "a litigant seeking to bring an action on behalf of a third party bears the burden of establishing that it has third party standing."  Wheeler v. Travelers Ins. Co., 22 F.3d 534, 539 (3d Cir. 1994).  The third-party standing doctrine is separate from standing in that "courts have imposed a set of prudential limitations on the exercise of federal jurisdiction over third-party claims." Bennett v. Spear, 520 U.S. 154, 162 (1997).  There are three factors to consider when reviewing an action being brought on behalf of a third party: the closeness of the relationship between the litigant and the third party, potential conflicts of interest between the litigant and the third party, and obstacles to suit by the third party.  Wheeler, 22 F.3d at 539 n.11.

Berk is Plaintiff's "roommate," but nowhere in the complaint does he allege that he has the kind of "close

relationship" with Berk that would give him third party standing

to allege claims on her behalf, such as a lawyer for their

client.  Kowlaski v. Tesner, 543 U.S. 125 (2004) (holding that

the attorneys lacked third-party standing to challenge the

constitutionality of a procedure for appointing appellate

counsel for indigent defendants because they did not have a

relationship with the hypothetical clients).  Plaintiff does not

address whether he is free of conflicts of interest in Berk's

claims, nor does he assert that Berk could not bring her own

suit.  While the Court can speculate that possibly Berk's

disabilities would make bringing suit herself difficult, this

hypothetical is insufficient for the Court to give such an

"exceptional" grant, nor is the Court empowered to speculate, as

it is the complainant's burden to establish that he has third

party standing.  Wheeler, 22 F.3d at 539.  Moreover, the very

allegations of the Complaint in which Plaintiff asserts Berk has

been denied access to the amenities of the Tropicana suggest she

is competent in her own affairs.

   While most of the claims asserted by Plaintiff were on

behalf of his roommate, Plaintiff does note in several places

how the Tropicana's actions or inactions impacted him.

Plaintiff claims that he finds it difficult to enter the

Tropicana because it does not have handicapped access from the

boardwalk and suffers "embarrassment" from this "architectural

fault." (Id. at 9).  However, Plaintiff does not assert that the Tropicana is not complaint with the ADA and that there are no handicapped entrances available to him.  In fact, he alleges he regularly attends events there.  Plaintiff also asserted that in the above-described incident between Berk and Tropicana's security personnel was "offensive" to Plaintiff and that the staff was negligent, careless, and reckless in the way they treated him when trying to help Berk.  (Id. at 7, 9).  Neither of these claims, however, contain enough factual matter to establish personal standing or are sufficient to state a claim for relief.  "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'"  Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).  Therefore, the Court will dismiss this complaint.

However, because Plaintiff is proceeding pro se and asserts civil rights claims, and because it is possible that the assertion of more factual material may state a claim or establish standing, either personal or third-party, he will be granted leave to file an Amended Complaint within 30 days to address the deficiencies noted in this Opinion.  If Plaintiff fails to file an Amended Complaint in the allotted time, the Clerk will be directed to mark this matter as closed.

**CONCLUSION**

For the reasons expressed above, the Court will grant Plaintiff's IFP application (ECF No. 1 at 13-17).  However, Plaintiff does not have standing to pursue his claims further, and the Complaint in its present form will be dismissed with leave granted to amend.

An appropriate Order will be entered.


Date: December 8, 2022                    _s/ Noel L. Hillman_____
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.


13